**Rev. Clois RODGERS, Earnest Mosley, Earl Moore, Willie Clark, Herbert Brooks, and Arthur Watts, Plaintiffs,**

**v.**

**COMMISSIONERS COURT OF SAN AUGUSTINE COUNTY and Wyatt C. Teal, County Judge, Defendants.**

**No. B–79–679–CA.**

United States District Court,
E. D. Texas,
Beaumont Division.

Feb. 4, 1980.

David R. Richards, Austin, Tex., for plaintiffs.

Jerry L. Smith, San Augustine, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

ROBERT M. PARKER, District Judge.

Plaintiffs brought this action under the Fourteenth Amendment, 42 U.S.C. Section 1983, and the Voting Rights Act of 1965 requesting the Court to order the Defendants to implement a new apportionment plan for the County Commissioners Court in San Augustine County and to enjoin future elections under the existing plan, which was devised by the Defendants in 1971. On the 28th day of January, 1980, the Court conducted a hearing on the merits pursuant to Plaintiffs' Rule 57 motion. After presentation of testimony and argument of counsel, the Court entered the following findings of fact and conclusions of law: (1) the apportionment plan now in effect is a plan drawn along racial lines; (2) there is a constitutionally impermissible population variance between Precinct 1 and Precinct 2; (3) the boundary line between Precinct 1 and Precinct 2 fragments what would otherwise be a cohesive minority voting community.

Subsequent to the Court's entry of findings of fact and conclusions of law, Defendants presented a proposed plan to the Court. The reapportionment plan introduced into evidence by the Defendants realigns the boundary line between Precinct 1 and Precinct 2; the Defendants propose to the Court a transfer of the predominately black community presently in Precinct 1 into Precinct 2. Counsel for the Plaintiffs represented to the Court that the Defendants' proposed reapportionment is a possible remedy and further indicated that the proposal might be an appropriate solution to the constitutional infirmities existing in the precincts delineated in 1971 by the Defendants.

The Court heard argument on the issue of whether the Court should order the holding of a special interim election for Precinct 2 in 1980 and instructed counsel to submit authorities on the issue.

At the close of the trial, the Court announced that he was taking under advisement the Defendants' proposed realignment of Precinct 1 and Precinct 2 and the Plaintiffs' motion to shorten the term of the Precinct 2 County Commissioner now holding office.

After reviewing the record and considering the relevant authorities, the Court approves the proposed apportionment plan introduced into evidence by the Defendants. The Defendants' plan equalizes the population in Precinct 1 and Precinct 2; also, the new boundary line puts the majority of the concentrated black community in San Augustine in Precinct 2. The proposed apportionment plan realigning the boundary line between Precinct 1 and Precinct 2 complies with the constitutional mandate of substantial equality of population among precincts, *Reynolds v. Sims*, 377 U.S. 533, 579, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964); additionally, this plan eliminates the unconstitutional dilution of minority voting strength that resulted when the 1971 boundary line diced the black concentration in San Augustine into different precincts, see *Robinson v. Commissioners Court, Anderson County*, 505 F.2d 674, 678 (5th Cir. 1974). The Court

believes that shifting the boundary line between Precinct 1 and Precinct 2 as proposed by the Defendants will achieve the desired result with a minimum of disruption to the citizens of San Augustine County. It is the order of this Court that the proposed apportionment plan introduced at trial be implemented by the Defendants forthwith.

County Commissioner elections in Precinct 1 and Precinct 3 are scheduled in 1980, while the terms for County Commissioners in Precinct 2 and Precinct 4 expire in 1982. Plaintiffs seek an order of this Court requiring a special election in Precinct 2 under a constitutional plan in 1980.

Article XVI, Section 65 of the Texas Constitution provides that County Commissioners are to be elected for staggered terms of four years. A court approved reapportionment plan can be accompanied by an order calling for a special election under that new plan, and state election laws can be overridden when necessary to protect voting rights secured by the United States Constitution. Where a court approved reapportionment is implemented, the general rule is that the Plaintiffs do not have an absolute right to an immediate election under the newly drawn precincts; similarly, the present County Commissioners are not entitled to complete their terms as a matter of right. *Taylor v. Monroe County Board Of Supervisors*, 421 F.2d 1038, 1041 (5th Cir. 1970). Rather, the Court is to weigh several factors where the Plaintiffs move for a special election under the new apportionment scheme, including the extent of malapportionment existing under the invalid boundary lines, *Id.*, at p. 1039; the expense, time, and effort that would be expended by the County Commissioners Court if a special election were held, *Id.*, at p. 1041; the number of citizens that will be deprived of an opportunity to vote if the Court declines to shorten the present County Commissioner's term, *Dollinger v. Jefferson County Commissioners Court*, 335 F.Supp. 340, 343 (E.D.Tex.1971); and the basic equities of the respective positions of the parties, *Taylor v. Monroe County Board Of Supervisors, supra*. The Plaintiffs must

establish that a special election is necessary in order to enforce due process rights and insure equal protection under the law.

Statistical evidence introduced at trial showed that the Defendants' 1971 apportionment plan resulted in an average deviation of all four precincts from the ideal precinct of approximately 19%. While the larger population difference between Precinct 1 and Precinct 2 created an average deviation violative of the Equal Protection Clause, see *White v. Regester*, 412 U.S. 755, 764, 93 S.Ct. 2332, 2338, 37 L.Ed.2d 314 (1972), the Court is convinced that this disparity does not rise to the level of "extreme malapportionment" so as to require an interim election in Precinct 2 under the new court approved plan. *Taylor v. Monroe County Board Of Supervisors, supra.*, at p. 1039. The Defendants' 1971 apportionment plan halved the black community in San Augustine, resulting in an unconstitutional dilution of minority voting strength. However, the Defendants' boundaries did not create as flagrant a dilution as did the unfortunate racially motivated gerrymander found to be present in *Robinson v. Commissioners Court, Anderson County, supra.*, where the concentrated black community within the County's largest city was cut "into three illogical parts in order to dilute the black vote in precinct elections . . . ." *Id.*, at p. 676. The Court is convinced that the evidence of elected black officials, public school integration, black deputy sheriffs, and unrestrictive voting practices in the county demonstrates an absence of repressive discrimination in San Augustine County. See, generally, *United States v. Mississippi*, 380 U.S. 128, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965). In general, the Court believes that local officials have been responsive to the needs and interests of the black community in San Augustine County.

There was no evidence introduced at trial concerning the expense of holding a special election in Precinct 2, and the Court cannot make findings upon the question of the difficulty that would be involved in scheduling an interim election.

Under the realignment ordered this day by the Court, approximately 20% of the voters in Precinct 2 will be citizens transferred from Precinct 1. The Court believes that the equities do not favor ordering a 1980 election in Precinct 2 because the change resulting from realignment will deprive 20% of the citizens of an opportunity to be heard in selection of a County Commissioner if the scheduled 1982 Precinct 2 election is not expedited. *Dollinger v. Jefferson County Commissioners Court, supra.*, p. 344.

The reapportionment ordered this day by the Court has enforced the Plaintiffs' Fourteenth Amendment rights; there will be no further elections under the invalid 1971 plan. *Reynolds v. Sims, supra.*, 377 U.S. p. 585, 84 S.Ct. p. 1393. In denying the Plaintiffs' request for an injunction shortening the term of the Precinct 2 County Commissioner presently holding office, this Court adheres to the principle that intrusion into local governmental affairs by the federal courts is to be limited to that action which corrects the constitutional deprivation in issue. *Rizzo v. Goode*, 423 U.S. 362, 380, 96 S.Ct. 598, 608, 46 L.Ed.2d 561 (1975).

The Plaintiffs' request for a special election in Precinct 2 in 1980 is denied.

The Court orders that all costs are taxed against the Defendants. The Court awards the Plaintiffs reasonable attorneys' fees, to be borne by the Defendants. The Court orders Plaintiffs' counsel to submit an affidavit addressing the factors and considerations set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), on or before March 3, 1980. If the Defendants desire to respond to Plaintiffs' affidavit, the Court orders a reply motion to be filed by the Defendants on or before March 13, 1980.